# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| GLORIA BLACK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:05CV1921 HEA |
| | ) |
| JANSSEN PHARMACEUTICA, L.P., | ) (Including all Consolidated Cases) |
| et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

On March 10, 2006, Chief Judge Jackson entered an Order for the Court consolidating with this case, for the purpose of consideration of the pending Motions to Remand, the following cases: Buck v. Janssen, et al. 4:05CV1922CEJ, M. v. Jansen, et al., 4:05CV1925CEJ, Thompson v. Janssen, et al., 4:05CV1928CAS, Watkins v. Janssen, et al., 4:05CV1930HEA. The matter is now before the Court for consideration of same.

These cases, among others, have been remanded by the Judicial Panel on Multi-District Litigation, In Re Zyprexa Products Liability Litigation, in an Order filed February 16, 2006. The Judicial Panel separated those claims against defendants that involve prescription drugs other than Zyprexa.

These remanded claims all involve the prescription drug, Risperdal. In its Memorandum and Order dated March 3, 2006, in <u>K.B. v. Janssen, et al</u>, Case Number 4:05CV1914HEA, the Court considered the same allegations contained in these consolidated cases that were contained in those cases against resident physician defendants regarding prescribing Risperdal *vis a vis* fraudulent joinder. The Court concluded, based on the Eighth Circuit standard for determining fraudulent joinder, that plaintiffs have sufficiently stated a cause of action against the resident physicians such that the Court did not have diversity jurisdiction. See <u>K.B. v. Janssen, et al.</u>, Case Number 05CV1914HEA, Order dated March 3, 2006.

The same analysis applies to these cases as well. The defendant physicians in these cases are alleged to have owed plaintiffs a duty to exercise that degree of skill and proficiency which is commonly experienced by the ordinary, skillful, careful and prudent physician engaged in the practice of medicine. Plaintiffs have plead that the defendant physicians failed to properly diagnose, treat and/or evaluate complaints and symptoms following plaintiffs' ingestion of Risperdal. Based on these allegations, it cannot be said that there is no reasonable basis in fact or law supporting the claim stated against the defendant physicians. Furthermore, because there exists a plausible claim against the resident physicians, the Court cannot conclude that plaintiffs have no real intention of prosecuting the negligence action

against them. Therefore, plaintiffs' motions to remand in these cases will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' Motions to Remand, are granted;

**IT IS FURTHER ORDERED** that this matter, as well as, <u>Buck v. Janssen, et al.</u>4:05CV1922CEJ, <u>M. v. Jansen, et al.</u>, 4:05CV1925CEJ, <u>Thompson v. Janssen, et al.</u>, 4:05CV1928CAS, <u>Watkins v. Janssen, et al.</u>, 4:05CV1930HEA, are remanded to the Circuit Court of the City of St. Louis.

Dated this 14th day of March, 2006.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE